PRO SE

Wm. Hart
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 1 7 2013

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH — CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM HART, | : | |
| Plaintiff | : | EX PARTE MOTION TO COMPEL, |
| | : | OR, IN THE ALTERNATIVE, TO SHOW CAUSE |
| | : | |
| v. | : | |
| | : | Civil no. 2:13-cv-011-DGK-BCW |
| | : | |
| SHERRY SALOIS; et al., | : | |
| Defendants. | : | District Judge Dale A. Kimball |
| | : | Magistrate Brooke C. Wells |

Plaintiff William Hart hereby moves this Court ex parte to compel, or, in the alternative, to show cause against third parties Marissa Mayer, John Hayes, Peter Liguori, Thomas McInerney, and Michael Wolf (hereinafter, "Yahoo"); and against third parties John Doe 1 – 3, being the decision-making or policy-making individuals charged with responsibility for Yahoo customer care, Yahoo account security, and Yahoo legal, respectively; and against Xander Doe, Freeman Doe, Olivia Doe of Yahoo customer care, and John Does 4 – 5 of Yahoo account security and Yahoo legal, respectively.

Plaintiff has no access to his rightful property in the electronic documents, information,

and effects held in his primary e-mail account of rex_irae@yahoo.com.  Plaintiff requires these documents, information, and effects to adequately prepare his case in a timely manner.

Numerous of these electronic documents, information, and effects at issue are referenced throughout Plaintiff's Amended Complaint.

The above-named third parties Yahoo and Does (hereinafter, "Relevant Third Parties") contend that they have a compelling interest in denying Plaintiff access to these documents; stating a compelling interest in identifying exactly which computer Plaintiff was logging in from, and denying service when Plaintiff had deleted the cookies from his browser; yet Plaintiff's other Yahoo e-mail account remains unaffected, though it holds no manner of evidence.

Further contention will unnecessarily prolong and delay the current proceedings, adding greater avoidable expense.

Plaintiff moves this Court ex parte to compel these Relevant Third Parties to provide access to Plaintiff's rightful property in that of his primary e-mail account; or, in the alternative, to show cause as to why Plaintiff should continue to be denied access to documents relevant to his case.

Plaintiff moves this Court to enter order assigning all costs, including but not limited to cost of service and expense incurred in compliance of, any and all subpoenas duces tecum which Plaintiff may seek against the Relevant Third Parties or Yahoo, Inc., the employer of the Relevant Third Parties, at any time in relation to this case before the court.

## MEMORANDUM IN SUPPORT

### I. STATEMENTS OF FACT

Plaintiff registered the e-mail account of rex_irae@yahoo.com while living at DeVry

student housing in 1996 – 1997, and this has since been his primary e-mail account.

Plaintiff deleted the cookies from his browser on January 1, 2013 after having read an article on account security from Yahoo news. Plaintiff was no longer able to log in to his primary e-mail account of rex_irae@yahoo.com, though a secondary account of m.ercutio@yahoo.com remains unaffected.

Plaintiff subsequently contacted the Relevant Third Parties on several occasions; three times by telephone, three times by fax, once by overnight postal mail, and over twelve times by electronic mail. Plaintiff's Exhibit 1 attached shows 24 e-mail communications with the Relevant Third Parties.

Plaintiff has taken great pains to identify himself to the Relevant Third Parties; even sending his state-issued ID by fax three times, and once by e-mail. As Plaintiff's Amended Complaint is derived from a complaint to the Office of Senator Roy Blunt regarding the activities of Defendant Legal Advocates for Abused Women, in that this 501(c)(3) organization is receiving funding from the federal government to help battered women, but instead becomes involved in bankruptcy matters, when it is not possible for a person in Milwaukee County, Wisconsin to batter a person in St. Louis County, Missouri, Plaintiff holds e-mail from the Senator's Office in his primary personal e-mail account of rex_irae@yahoo.com which personally identify him. Likewise, Plaintiff holds e-mails from the Missouri Attorney General's Office and the FBI, as well as a number of bank accounts, and PACER, which clearly identify him. Plaintiff's identity is simply not at issue.

The Relevant Third Parties' stated purpose in denying Plaintiff access to his personal documents and records is to prevent unauthorized access to Plaintiff's account, supposedly from

fear that a hacker might enter the account and use it to send out spam. However, denying Plaintiff the opportunity to enter the account to alter the login information or to enable further security features is self-defeating to this stated purpose. *See* United States v. Kernell 667 F.3d 746, 747-748 (6th Cir. 2012) Further, greater risk exists from the intra-server transfer of information than from the login sequence; in that, in many cases, anyone monitoring activity on the server will be able to see unencrypted data as it moves from one server to another; that is, legacy servers present greater risk than the login sequence.

Also, denying Plaintiff access to the account to alter the login information and enable further security features does nothing to prevent persons well-equipped to alter and modify browser cookies for purposes of access the relevant account.

These Relevant Third Parties, each of them, knowingly and willfully acted with conscious disregard or reckless indifference to the due and proper administration of justice in a pending federal judicial proceeding in the concealment of evidence, denying Plaintiff his rightful property in the electronic documents, information, and effects stored in Plaintiff's primary e-mail account of rex_irae@yahoo.com.

The facts are essentially the same as if Plaintiff held a safe deposit box where documents held in evidence for use in a pending federal judicial proceeding were stored, but was denied access to the building where the safe deposit box was located— this on the pretext that Plaintiff's security credentials were not in order; but having verified his identity, and describing in detail the contents of the safe deposit box, continued to be denied access, as the matter of the security credentials was a pretext all along— and meanwhile, having another safe deposit box holding nothing other than junk located in the same facility, was not required security credentials to

-4-

access the box full of junk. It just happens to be electronic documents, information, and effects in the instant matter.

## II. OTHER RELEVANT MATTERS

Third parties Yahoo, John Doe 3, and other persons to become known through discovery have willfully and knowingly acted to take part in, to act in participation of, or to make easier or less difficult the electronics communications offenses in violation of 18 U.S.C. §§ 2511 and 2701, actionable under 18 U.S.C. §§ 2520 and 2707, as set forth in Counts 42 and 43 of Plaintiff's Amended Complaint. This matter may be inferred from paragraph 554 of Plaintiff's Amended Complaint; in that, should the prior statements of Defendant Wessling be taken as true, Yahoo legal was without standing to answer an interrogatory in a case in which they were not a party— even were the case itself not dismissed at the relevant time— as it is the very purpose of a subpoena duces tecum to procure documents from third parties.

The relevant statements of Defendant Wessling were on the record in Division 4 of the 6th Judicial Circuit of the State of Missouri on December 20, 2011, entering the documents claimed to be thus ascertained into the record of the court. It remains to be determined by this Court, as a matter of law, as to whether an attorney providing limited representation through a charitable organization providing legal services to intentionally enter knowingly false information into the record of the court constitutes

lawful, bona fide, legal representation services

pursuant to 18 U.S.C. § 1515; and thus effectively declare open season on this Court. It remains to be determined by this Court, as a matter of law, as to whether to intentionally enter knowingly false information into the record of the court constitutes a "charitable purpose" in accord with the

Second Restatement of Trusts.

What is clear in this matter is that Defendant Wessling is not

[an] investigative or law enforcement officer, specially designated

pursuant to 18 U.S.C. § 2518(7), nor were any of the factual requirements pursuant to 18 U.S.C. § 2518(7)(a) applicable to the instant matter.

It is clear, as a matter of law, that an interrogatory in a case in which Yahoo legal was not a party does not constitute

a court order, warrant, subpoena, statutory authorization, or certification

pursuant to 18 U.S.C. § 2703(e).

Plaintiff opted to wait until some amount of discovery could be had to better inform himself of the truth of the matter before charging Yahoo, their agents, servants, and/or employees in a subsequent amended complaint.    It is uncertain at present as to whether Yahoo, their agents, servants, and/or employees actively conspired with Defendant Wessling and the Racketeering Enterprise. Although information is at hand which would suggest that this is the case, that information has yet to be corroborated.

Nevertheless, one of two things must necessarily be true; and both carry with them a certain amount of insidiousness. Plaintiff moves this Court to take judicial notice that the acts of the Relevant Third Parties constitute "reprehensible conduct" as set forth in the section on punitive damages in the jury instructions for section 1983 offenses.

III. STATEMENTS OF LAW

It is clear that it is not the identity of Plaintiff which is at issue, for which he is being denied access to his rightful property; but rather in observance of a policy which was enacted in

- 6 -

conscious disregard or reckless indifference to the rights of parties, witnesses, and other persons in relation to pending federal judicial proceedings. The absence of any provision to expedite matters in such circumstances bears this out on its face. The present conduct of the Relevant Third Parties may well constitute violations of 18 U.S.C. §§ 1503 and 1519.

In addition, the present conduct of the Relevant Third Parties constitutes unlawful detention or unlawful seizure under the Fourth Amendment. Plaintiff's e-mail account constitutes property and effects protected by the laws of the United States; namely 18 U.S.C. §§ 1028, 1028A, 1029, 1030, et al.

The present conduct of the Relevant Third Parties toward Plaintiff acting in relation to a pending federal judicial proceeding constitute violations of 18 U.S.C. §§ 241 and 245, of 42 U.S.C. § 1986, and of the defraud clause of 18 U.S.C. § 371, in the impairment of legitimate governmental activity.

Inasmuch as they have willingly and knowingly acted to impede, hinder, and obstruct the due course of justice , this Court is fully within its authority to impose substantial sanctions on the Relevant Third Parties; including but not limited to entering order that cost of service and all expense incurred in compliance thereof in any and all subpoenas duces tecum which Plaintiff may seek against the Relevant Third Parties or Yahoo, Inc., the employer of the Relevant Third Parties, at any time in relation to this case before the Court be absorbed by the Relevant Third Parties, or by Yahoo, Inc.

IV. A PARTIAL LISTING OF RELEVANT DOCUMENTS

Quite a number of documents exist in Plaintiff's primary e-mail account of rex_irae@yahoo.com to be used as evidence for various purposes in relation to several

- 7 -

defendants in the present matter. These include, but are not limited to, the e-mail from Asst. U.S. Trustee Paul A. Randolph of June 1, 2009 as recounted in paragraphs 234 and 235 of the Complaint; the Note sent as indicated in paragraph 108 of the Complaint; the Jinkerson E-mails; e-mails from Defendants Roberds and Holland; other e-mails corroborating ownership of various accounts by Defendant Salois; e-mails from other third parties useful in establishing authenticity of the contents of other communications; contact information for potential witnesses; and other relevant personal documents of Plaintiff related to the proceedings.

A few of these documents referenced are included as exhibits attached with notes to indicate their relevance as evidence.

Plaintiff is unable to compile a comprehensive listing of documents in evidence without access to the rightful property of his primary personal e-mail account.

V. RECOMMENDATIONS AND PRAYER

Plaintiff hereby proposes an informal conference with the above-named third parties and the magistrate; as it may then be best determined as to how to proceed. Such a conference need not be in person, but by telephone should suffice, according to the convenience of the Court. Plaintiff wishes to avoid any hearing on the matter until scheduling and discovery may be commenced.

Likewise, Plaintiff wishes to avoid interaction with the current defendants in this matter, as this would serve only to prolong and unnecessarily complicate the proceedings, potentially hindering any cross-claims of which the third parties might have against the current defendants.

WHEREFORE, Plaintiff hereby moves this Court ex parte to compel third parties Marissa

- 8 -

Mayer, John Hayes, Peter Liguori, Thomas McInerney, Michael Wolf, and Xander Doe, Freeman Doe, Olivia Doe, and the above-named John Does 1 – 5 to restore to Plaintiff unfettered access to his personal documents, and to prevent the destruction of same, and to permit Plaintiff to enable further security features for his primary e-mail account of rex_irae@yahoo.com; or in the alternative, to show cause as to why Plaintiff should continue to be denied access to his primary e-mail account of rex_irae@yahoo.com and the documents held as evidence therein, and denied opportunity to enable further security features for said account; or to otherwise request their presence or participation in informal conference as described above; whereupon Plaintiff will provide notice to third parties Yahoo and the above-named Does as directed by the Court; and to enter under seal and execute such orders as necessary to those ends.

Date: 01/15/13

William M. Hart

## INDEX TO EXHIBITS

Exhibit 1    Screenshot of e-mail communications with Yahoo customer care

Exhibit 2    Screenshot of E-Mail of June 1, 2009 from Assistant United States Trustee Paul

A. Randolph stored in Plaintiff's primary personal e-mail account

referenced in paragraphs 234 and 235 of Plaintiff's Amended Complaint

Exhibit 3    Screenshot of the second of the Jinkerson E-Mails, of July 10, 2009

Exhibit 4    Screenshot of e-mail from Defendant Salois sent from the Nvisiblewmn Account

on July 11, 2009 showing IP address

Exhibit 5    Screenshot of e-mail from randomizing anonymizer from agent of Defendant

Salois on February 10, 2010 described in paragraph 435 of Plaintiff's

Amended Complaint

Exhibit 1

Screenshot of e-mail communications with Yahoo customer care



Exhibit 2

Screenshot of E-Mail of June 1, 2009

from Assistant United States Trustee Paul A. Randolph

stored in Plaintiff's primary personal e-mail account

referenced in paragraphs 234 and 235

of Plaintiff's Amended Complaint



Exhibit 3

Screenshot of the second of the Jinkerson E-Mails, of July 10, 2009

Use of the Jinkerson Identity, the Jinkerson Account,

and the IP address of the sender are highlighted here

⌐ RE:                                                                                                              Friday, July 10, 2009 6:48 PM
From George Jinkerson Fri Jul 10 16:48:12 2009

| | |
|---|---|
| X-Apparently-To: | rex_irae@yahoo.com via 68.142.200.171; Fri, 10 Jul 2009 16:50:55 -0700 |
| Return-Path: | <georgejinkerson@hotmail.com> |
| X-YMailISG: | VumK8fKWLDugd8aBqdbN.GCb4m8zXExga4sHY__g3_xCUWL24R8l3um8jjA2pxCmmgXApC_EasPftR6ohYTY1.W6_iD73aL5vLLVVFJ5HoFPo_Q27L_nWSXe0wKjqvDc7B8j5KR2G |
| X-Originating-IP: | [65.55.111.87] |
| Authentication-Results: | mta377.mail.re4.yahoo.com from=hotmail.com; domainkeys=neutral (no sig); from=hotmail.com; dkim=neutral (no sig) |
| Received: | from 65.55.111.87 (EHLO blu0-omc2-s12.blu0.hotmail.com) (65.55.111.87) by mta377.mail.re4.yahoo.com with SMTP; Fri, 10 Jul 2009 16:50:55 -0700 |
| Received: | from BLU142-W7 ([65.55.111.73]) by blu0-omc2-s12.blu0.hotmail.com with Microsoft SMTPSVC(6.0.3790.3959); Fri, 10 Jul 2009 16:48:11 -0700 |
| Message-ID: | <BLU142-W756286D7C6350F92AD28F91270@phx.gbl> |
| Return-Path: | georgejinkerson@hotmail.com |
| Content-Type: | multipart/alternative; boundary="_cc799cfa-7a38-4a9d-9ce7-730289e9eaea_" |
| X-Originating-IP: | [99.26.208.29] |
| From: | George Jinkerson <georgejinkerson@hotmail.com> 📎 |
| To: | <rex_irae@yahoo.com> |
| Subject: | RE: |
| Date: | Fri, 10 Jul 2009 16:48:12 -0500 |
| Importance: | Normal |
| In-Reply-To: | <847956.74926.qm@web31002.mail.mud.yahoo.com> |
| References: | <847956.74926.qm@web31002.mail.mud.yahoo.com> |
| MIME-Version: | 1.0 |
| X-OriginalArrivalTime: | 10 Jul 2009 23:48:11.0812 (UTC) FILETIME=[E2709640:01CA0188] |
| Content-Length: | 12967 |

Compact Headers

What's the point you're trying to make? What is left behind doesn't hold water now  Pictures and emails are all before I came and took her from you (which,by the way, was pretty easy to do)  All that is what makes her sick about you. You were a rebound, someone that gave her positive attention that she didn't have for 10 years. You're someone that preys on vulnerable women and slithers into their lives, just to suck the life out of them so you can feed your own ego. It must really suck to be you and have no life, friends, family, co-workers, etc. ...etc.... What color are the trees in your world?

Your only friend,
George

Exhibit 4

Screenshot of e-mail from Defendant Salois

sent from the Nvisiblewmn Account

on July 11, 2009

showing IP address

- 18 -



The only person I hate more than myself is you  I hate you in a way that I never have and never could again hate another human being  I am ashamed of myself for ever taking up with you  I am disgusted with myself. Just to see your picture on that blog makes me physically ill  I hate you  I will never stop hating you

Exhibit 5

Screenshot of e-mail from randomizing anonymizer

from agent of Defendant Salois

on February 10, 2010

described in paragraph 435

of Plaintiff's Amended Complaint

Previous  Next  Back to Messages                                                                                          Mark as Unread  3 Prins

Delete  Reply ▾  Forward  Spam  Move  ▾

✉ Scarlet Blue                                                                                                            Wednesday, February 10  2010 4:12 PM
From Darwin Ransom   Wed Feb 10 22:12:36 2010

             re_ur%e@yahoo.com via 98.142.200.169  Wed  10 Feb 2010 14:13:43 -0800
             (mx-master@anon-mxtast-im-internet)
             +P04PxtvuLEl+0JQ9Ch03LPB7jx+WM2ByjSc7rJzgNjEfv.Q/tENqvv4VFNrsu08ayh76G2/0L0JZ6600j0sJ0L/9P+6EPzuuQ4+Qvoc+P4zf0Qx/t+0q7P44zDvU0DT26+hraa2cJRzJgN+J8r2JZ6qJ8P+HCT0NVT5+meoOc4+2uurmT
             [*B 21:47:164]
            mta2000.mail.mud.yahoo.com  from= izmanb-svg-neutral  no zig  from= plvmh-neutral ino zig
             from 127.0.0.1  EHLO anon-mxtast-im-internet   "8.21.47.164" b. mta2000.mail.mud.yahoo.com  idv EMTP   Wed  10 Feb 2010 14:13:38 +0800
             b. anonymtastim-internet  FromR  from userid 105" in #QP2/ME64O1  Wed  10 Feb 2010 23:12:36 +0100 +CET
           Darwin Ransom   anonymous@anon-mxtast-im-internet  ✆
           This message did not originate from the Sender address above. It  as remailed automatically by anonymizing remailer software. Please report problems or inappropriate use to the remailer administrator at  abuse@anon-mxtast
           re_urae@yahoo.com
           Scarlet Blue
           <4226l91efaE2712l0l+64f22cccd4rf16tba@anon-mxtast-im-internet>
           Wed  10 Feb 2010 23:12:36 +0100 +CET
           1.0

                                                                                                                          Compact Headers

I have been reading what you have posted about Scarlet Blue (Sherry), and I think it is time to say a couple of things to you.

I would really like to tell you my name and confront you mano a mano, but yes, I am afraid that you will begin to harass me the way you have done Scarlet, and now Marie and Peggy (both of whom I understand are elderly women).

What you have done to Scarlet is way over the line. And when you talk about crying your crocodile tears over the Baha'i in Iran, you appear ridiculous, and you make the Baha'i look very, very bad. If you are an example of a Baha'i, why should we be concerned about the fate of such horrid people on the other side of the world?

Many of us here know about what you did with her website, and the horrible things you say about her there. Maybe she hurt you or broke your heart, but I cannot for the life of me imagine what she could have possibly done to you that warrants your attempt to destroy her and her life. I'm convinced that no one could ever do such a thing to anyone he or she once loved, so come now, be honest. This is not a woman you ever loved. What was it? Did you get your trophy woman and lose her, and that is too much to bear? That is exactly how it appears to many of us out here. If she does not want to be with you, then you will punish her until