

| | Fw: Attn: Julie Lawson, 2:13-cv-011-DAK-BCW | 06/27/2013 09:25 AM |
|---|---|---|
| | utmj wells    to: Julie Wierschem | |
| | Sent by:  Lesley Manley | |

From: utmj wells/UTD/10/USCOURTS
To: Julie Wierschem/UTD/10/USCOURTS@USCOURTS
Sent by: Lesley Manley/UTD/10/USCOURTS

----- Forwarded by Lesley Manley/UTD/10/USCOURTS on 06/27/2013 09:27 AM -----

From: Will H <willh2071@gmail.com>
To: utdecf_kimball@utd.uscourts.gov, utdecf_wells@utd.uscourts.gov, sbecker@kmclaw.com, bhathaway@kmclaw.com, justin.hitt@farmers.com, stevan@osnlaw.com, jschmitt@dmfirm.com, uag@utah.gov, emily.dodge@ago.mo.gov, Janet.Haws@slcgov.com, Lwasserman@stlouisco.com, kokeefe@lawfirmemail.com, dsmcconkie@kmclaw.com, mjohnston@kmclaw.com, jmt@taylorstl.com, plunkert@pspclaw.com, dunne@pspclaw.com, julie@supportvictims.org
Date: 06/26/2013 09:49 PM
Subject: Attn: Julie Lawson, 2:13-cv-011-DAK-BCW

Hello, Ms. Lawson.

My name is William Hart, and I am the plaintiff in the lawsuit against LAAW in Utah. We had met once before, when you were served by SPS Dudley; simply a matter of securing eyewitness testimony.
But by the questions you asked on that day, I can tell you have little to no background in the law.

Now, anyone who understands what's going on here knows that there are two things which are bound to occur at some point in the discovery process:
1) procedures will be initiated for the revocation of discharge in the bankruptcy, and
2) CVAC will enter a third party claim against LAAW.

You should have anticipated the second, and secured documents relative to that claim.
This has to do with the rules surrounding merger. Transfer of the real party in interest is automatic, with four exceptions. Two of those exceptions are likely applicable here.

That's why you need an attorney to represent CVAC's interest separate from the one defending LAAW. Taylor isn't that good of an attorney anyway, and it shows.

[Keith Henson](#) and [Peter Dunne](#) (who has already entered for the City of Clayton) are the only attorneys in the St. Louis area that I would recommend to you. There is one other I know of that would be well-suited to the case, but I'm afraid he's too good of an attorney for me to recommend to you.

I had published a substantial portion of the content of the Form 13909 complaint that I made to the Exempt Organizations office of Internal Revenue. I published it when the EO office in Dallas forwarded that complaint to a field office in Cincinnati for investigation.
And, as certain persons at LAAW were generous enough to give me their IP addresses, I have documentation that they were well aware of this for almost a year before the merger took place.
Those are documents you're going to need.

There are other documents you're going to need, and you should take steps to secure them. You need to know which ones to secure; but basically anything related to the merger.
Basically stated, liability for the pre-merger acts of LAAW can be removed from CVAC upon the showing of one of those four conditions.
That's why CVAC needs representation separate from LAAW.

Your attorney should be prepared to litigate in both Salt Lake City and Milwaukee.

I am not safe in St. Louis. While I am unable to secure my personal safety there, there are a number of things I could do to ensure that certain others would be more endangered that I myself. As I have come to the understanding though my repeated lessons that to do violence in the streets is an important part of any hearing in St. Louis, it is very unlikely that anything will remain to be adjudicated by a court by the time any hearing might take place were venue to be secured there. My concern is with justice alone, to the exclusion of all other concerns; whereas a court of law is simply a means to an end, and not the end in itself.

Due to their history and the geographical proximity to Chicago, Wisconsin has some very strong extortion and witness intimidation laws. They are not proud of their mob history as is St. Louis. I have my own reasons for not selection Milwaukee as my first choice of venue.

Nonetheless, there are certain claims which are very unlikely to be removed from Utah.
But where conspiracy is inadequate to secure jurisdiction, the provisions for extortion will prevail. So, it's either Salt Lake City or Milwaukee; perhaps both.
I took the precaution of not pleading all claims available to me.
This group of attorneys are distinctly unimaginative, and relatively easy to predict.
Sincerely,

---Wm. Hart