**PRO SE**

Wm. Hart
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

FILED
U.S. DISTRICT COURT

2013 OCT -7  ⊃ 12: 31

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| WILLIAM M. HART, | MOTION FOR RECOVERY |
| Plaintiff | OF COSTS OF SERVICE |
| v. | Civil no. 2:13-cv-11-DAK-BCW |
| SHERRY ANN SALOIS, et al., | Judge Dale A. Kimball |
| Defendants. | Magistrate Brooke C. Wells |

### PLAINTIFF'S MOTION FOR RECOVERY OF COSTS OF SERVICE

PLAINTIFF William M. Hart moves the Court to recover costs of service pursuant to Rule 4(d)(2), and Utah Rule 4(f)(4) pursuant to Rule 4(e)(1); stating:

Rule 4(d)(2) states:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2).

> Rule 4(e) provides that:
>
>> Unless federal law provides otherwise, an individual... may be served in a judicial district of the United States by:
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed.R.Civ.P. 4(e).

> Utah Rule 4(f)(4) states:
>
>> If a defendant refuses a request for waiver of service submitted in accordance with this rule, the court shall impose upon the defendant the costs subsequently incurred in effecting service.

URCP 4(f)(4).

Plaintiff directed requests for waiver in compliance with Rule 4(d)(1), together with all other prescribed materials[1], to all defendants, with the exception of three.[2] See Exh. 1.

Plaintiff requests recovery of costs of service from the following defendants in said amounts:

---

[1] Each "Notice of Lawsuit and Request to Waive Service of Summons" was in writing addressed to the individual defendant or officer appointed by law to receive process; named the court of the pending proceeding; included a copy of the complaint (Doc. 7), two copies of the waiver form, and a stamped envelope addressed to Plaintiff; contained the language of Form 5 verbatim; was dated on the date sent; gave the defendant 30 days to return the waiver; and was either sent by first-class mail or delivered by hand. Fed.R.Civ.P. 4(d)(1).

[2] The three defendants receiving no request for waiver are Defendants Sherry Ann Salois, Timothy Straussner, and Peggy Pendleton. No recovery of costs is requested of these three defendants.

Defendants Shirley Hopper and Burl Hopper, $246.17 each;

Defendant Douglas Howard, $310.89;

Defendants Legal Advocates for Abused Women, Nassif, Doering, and Kelly, $174.34 each;

Defendant Kyle Dubbert, $179.98;

Defendant Katherine Wessling, $373.55;

Defendant Rebecca Bealmear, $162.08;

Defendant Douglas Beach, $268.49;

Defendant James Van Amburg, $311.25;

Defendants St. Louis County, Fitch, Lachance, and Willmering, $162.72 each;

Defendants Hoots, Roberds, and O'Neill, $162.14 each;

Defendants City of Clayton, Byrne, and Hinrichs, $164.48 each;

Defendant Platte County, $314.66;

Defendant Erik Holland, $507.87;

Defendants City of Oak Creek and Gallagher, $316.74 each;

Defendant Michael Burton, $167.98; and

Defendants Siwak, McKee, and Sherry, $162.16 each.

     Counsel for Defendant Cheryl Kelly disputes that she was properly served (see Doc. 37, n.1, p.1), yet failed to raise this as an affirmative defense in her motion under Rule 12(b). Defendant Kelly makes no mention of improper service in her supporting affidavit (Doc. 37, Exh. 2).

     Counsel for Defendants Platte County and Holland have raised an objection to service; ostensibly to that of Defendant Holland effected by process server Kimberlie Dudley of April 5,

2013, on grounds that the complaint and summons were delivered by hand. Defendant Holland failed to raise improper service as an affirmative defense in his motion to dismiss (Doc. 51).

Defendants Kelly and Holland both have entered general appearance by counsel.

Plaintiff also requests attorneys fees in the amount of $2787.50 pursuant to Rule 4(d)(2)(B), and for pre- and post-judgment interest pursuant to Utah Code Ann. § 15-1-1 and 28 U.S.C. § 1961. Fed.R.Civ.P. 4(d)(2)(B); Utah Code Ann. § 15-1-1; 28 U.S.C. § 1961.

Costs of service relating to interest actually incurred on advance allocation of funds to effect service have yet to be determined, and are not included in this calculation.

## STATEMENT OF COSTS

Plaintiff made arrangements to have Defendants Salois, Straussner, and Pendleton served with all haste; then requested waiver of service from the remainder of the defendants in late February; the 17th, the 20th, and the 25th. Plaintiff complied with Rule 4(d)(1) in all respects in his requests for waiver of service.

The figures given above include all costs of service to which Plaintiff lays claim; including printing, postage, servers' fees and mileage, and costs associated with obtaining affidavits and other documents verifying service. These costs are as follows:

(1) Printing, $17.80 for all relevant defendants;

(2) Postage, $10.08 for Defendants Shirley Hopper, Burl Hopper, Douglas Howard, James Van Amburg, Platte County, Erik Holland, City of Oak Creek, and Gallagher; $14.67 for the remainder of the relevant defendants;

(3) Servers' fees, $75.00 for all relevant defendants;

(4) Additional Servers' Fees, for two additional service attempts, $50.00 for Defendants

Douglas Beach, Katherine Wessling, and Kyle Dubbert, with the fee assessed twice for Defendant Dubbert;

(5) Mileage: for Defendants Shirley Hopper and Burl Hopper, half each of the mileage assessment of $265.56 for 470 miles; for Defendant Douglas Howard, $137.30 for a mileage assessment of 243 miles; for Defendants Platte County and James Van Amburg, half each of the mileage assessment of $388.72 for 688 miles; for Defendant Erik Holland, $390.98 for a mileage assessment of 692 miles; for Defendants City of Oak Creek and FNU Gallagher, half each of the mileage assessment of $410.20 for 726 miles; and $50.00 for service outside of Macoupin County, Illinois but within 100 miles assessed on the remainder of the relevant defendants;

(6) Document Fees: $40 each assessed against Defendants Douglas Beach and Kyle Dubbert; $60.20 assessed against Defendant Douglas Howard; and $127.55 assessed against Defendant Katherine Wessling;

(7) Other Costs Incurred: $10.51 each for Defendants Shirley Hopper, Burl Hopper, Douglas Howard, and Michael Burton; $16.87 each for Defendants Legal Advocates for Abused Women, Aimee Nassif, Jennifer Doering, and Cheryl Kelly; $12.10 for Defendant Kyle Dubbert; $38.53 for Defendant Katherine Wessling; $4.61 for Defendant Rebecca Bealmear; $21.02 for Defendant Douglas Beach; $4.69 each for Defendants Ellen Siwak, Victoria McKee, and Thea Sherry; $14.01 each for Defendants James Van Amburg and Erik Holland; $5.25 each for Defendants St. Louis County, Tim Fitch, Timothy Lachance, and FNU Willmering; $4.67 each for Defendants FNU Hoots, Terry Roberds, and FNU O'Neill; $7.01 each for Defendants City of Clayton, Thomas Byrne, and Edward Hinrichs; $17.42 for Defendant Platte County; and $8.76 each for Defendants City of Oak Creek and FNU Gallagher.

The document fees described above are primarily fees associated with production of affidavits and other supporting documents from the process servers.

The other costs incurred described above are for Plaintiff's expenses in costs, fees, and travel to conduct business with the process servers, the post office, and the notary publics' office, among others; and other similar incidental costs and fees associated with service of process.

The dates of ascertainable forbearance from which pre-judgment interest should be determined are as follows: March 19, 2013 for Defendants Fitch, Hoots, Roberds, O'Neill, Lachance, Willmering, Byrne, and Hinrichs; March 22, 2013 for Defendants Legal Advocates for Abused Women, Nassif, Doering, Kelly, Dubbert, Wessling, Bealmear, Beach, St. Louis County, City of Clayton, Burton, Siwak, McKee, and Sherry; and March 28, 2013 for Defendants Shirley Hopper, Burl Hopper, Howard, Van Amburg, Platte County, Holland, City of Oak Creek, and Gallagher.

The attorneys fees requested are as follows: 8¼ hours of research time at the rate of $50 per hour, 12½ hours drafting time at $175 per hour, and 6¼ hours of clerical tasks at $30 per hour; for a total of $2787.50 for the 27 hours of work.

WHEREFORE, Plaintiff respectfully moves this Court to enter judgment for recovery of costs of service in the amounts described herein, for attorney fees in bringing this motion, for pre- and post-judgment interest, and for other such relief as the Court deem proper.

Date: 9/21/13

William M. Hart

STATE OF ILLINOIS        )
                         : ss.
COUNTY OF MADISON        )

### VERIFICATION

BEFORE ME personally appeared WILLIAM M. HART who, being first duly sworn upon oath and identified in accordance with Illinois law, under penalty of perjury, deposes and states as follows:

1. My name is William M. Hart, Plaintiff herein.

2. I have read and understood the attached foregoing Motion for Recovery of Costs of Service filed herein, and each fact alleged therein and each exhibit attached is true and correct of my own personal knowledge; excepting those stated upon information and belief, and as of to those matters, I believe to be true.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
WILLIAM M. HART
Plaintiff

ON THE 21 day of September, 2013 personally appeared before me, the undersigned, William M. Hart, the signer of the foregoing, who duly acknowledged to me that he signed the same voluntarily and for its stated purpose.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Douglas L. Stevens
Notary Public, State of Illinois
My Commission Expires Jan. 02, 2017

# Exhibit One

# AFFIDAVIT OF WILLIAM M. HART

Personally appeared before the undersigned officer duly authorized to administer oaths, William M. Hart, who, after being duly sworn, upon oath, states as follows:

1. My name is William M. Hart. I am over eighteen (18) years of age, and I am capable of making the within Affidavit.

2. This Affidavit is given based upon my personal knowledge of the facts set forth herein.

3. I declare under penalty of perjury that the costs of service declared in my attached motion for recovery of costs are correct and were necessarily incurred in this action, and that the services for which fees have been charged were actually and necessarily performed.

   FURTHER, the Affiant sayeth not.

Dated: 9/23/13

_____
WILLIAM M. HART

ON THE 23 day of September, 2013 personally appeared before me, the undersigned, William M. Hart, the signer of the foregoing, who duly acknowledged to me that she signed the same voluntarily and for its stated purpose.

_____
NOTARY PUBLIC

OFFICIAL SEAL
KAYLA GRIFFITH
Notary Public - State of Illinois
My Commission Expires Sep 12, 2016

- 1 -

# Exhibit Two

- 1 -

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM HART, | : | NOTICE OF LAWSUIT |
| Plaintiff | : | AND REQUEST TO WAIVE |
| | : | SERVICE OF SUMMONS |
| v. | : | |
| | : | Civil no. 2:13-cv-011-DAK-BCW |
| SHERRY SALOIS, et al., | : | |
| Defendants. | : | District Judge Dale A. Kimball |
| | : | Magistrate Brooke C. Wells |

To: LEGAL ADVOCATES FOR ABUSED WOMEN
Serve: Registered Agent
Christine Hustedde
539 No. Grand Blvd.
Ste. 400
St. Louis, Missouri, 63103

Why are you getting this?

A lawsuit has been filed against you, or the entity that you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other pre-paid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the waiver in the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 7/20/13

William M. Hart
324 Hickory St., Apt. 8
Carlinville, IL, 62626
rex_irae@yahoo.com
(618) – 570 – 9068

# Exhibit Three

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM HART, | : | **WAIVER OF SERVICE** |
| Plaintiff | : | **OF SUMMONS** |
| | : | |
| v. | : | Civil no. 2:13-cv-011-DAK-BCW |
| | : | |
| SHERRY SALOIS, et al., | : | District Judge Dale A. Kimball |
| Defendants. | : | Magistrate Brooke C. Wells |

To:   WILLIAM M. HART

I have received your request to waive service of summons in this action along with a copy of the complaint, two copies of this waiver form, and a pre-paid means of returning one signed copy of the form to you.

I, or the entity that I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity that I represent, will keep all defenses and objections to the lawsuit, the court's jurisdiction, and the venue of this action, but that I waive any objections to the absence of a summons or of service.

- 1 -

- 2 -

I also understand that I, or the entity that I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent. If I fail to do so, a default judgment will be entered against me or the entity that I represent.

Date: _____                                    Signature: _____
                                                    Printed name: _____
                                                    Address: _____
                                                    _____
                                                    E-mail: _____
                                                    Telephone: _____

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses in serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include the belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

- 3 -

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

CERTIFICATE OF SERVICE

I, William M. Hart, do hereby certify that service of this Motion for Recovery of Costs of Service was accomplished by sending said document via postage pre-paid U.S. mail on the 5th day of October 2013 to each of the following:

Date: 10/05/13

William M. Hart, pro se
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

*counsel for Sherry Salois, Timothy Straussner, Shirley Hopper, Berle Hopper, Douglas Howard, Erik Holland, Richard Anderson, and Platte County, Missouri:*
Sara Becker & Benson Hathaway, Jr.
Daniel McConkie & Michael Johnston
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah, 84145-0120

*counsel for Peggy Pendleton:*
Justin Hitt
230 South 500 East, Ste 400
Salt Lake City, Utah, 84102

*counsel for Michael Burton, Ellen Siwak, Victoria McKee, Douglas Beach, Thea Sherry, and James Van Amburg:*
Emily Dodge
P.O. Box 899
Jefferson City, Missouri, 65102

*counsel for Legal Advocates for Abused Women, Aimee Nassif, Edward Hinrichs, Thomas Byrne, and City of Clayton, Missouri:*
Stevan Baxter
999 E. Murray Holladay Rd., Ste. 200
Salt Lake City, Utah, 84117-4919

*counsel for Jennifer Doering, and Cheryl Kelly*
Jeffrey Schmitt
7701 Forsyth Blvd., Suite 800
Clayton, Missouri, 63105-3907

*counsel for Rebecca Bealmear, Tim Fitch, FNU Hoots, Timothy Lachance, Terry Roberds, FNU O'Neill, FNU Willmering, and St. Louis County, Missouri:*
Linda Wasserman
41 So. Central Ave., Ninth Fl.
Clayton, Missouri, 63105

No Other Parties Have Yet Filed An Appearance

## CERTIFICATE OF SERVICE

I, William M. Hart, do hereby certify that service of this Motion for Recovery of Costs of Service was accomplished by sending said document via postage pre-paid U.S. mail on the 23rd day of September 2013 to each of the following:

Date: 9/23/13

William M. Hart, pro se
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

*counsel for Sherry Salois, Timothy Straussner, Shirley Hopper, Berle Hopper, Douglas Howard, Erik Holland, Richard Anderson, and Platte County, Missouri:*
Sara Becker & Benson Hathaway, Jr.
Daniel McConkie & Michael Johnston
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah, 84145-0120

*counsel for Peggy Pendleton:*
Justin Hitt
230 South 500 East, Ste 400
Salt Lake City, Utah, 84102

*counsel for Michael Burton, Ellen Siwak, Victoria McKee, Douglas Beach, Thea Sherry, and James Van Amburg:*
Emily Dodge
P.O. Box 899
Jefferson City, Missouri, 65102

*counsel for Legal Advocates for Abused Women, Aimee Nassif, Edward Hinrichs, Thomas Byrne, and City of Clayton, Missouri:*
Stevan Baxter
999 E. Murray Holladay Rd., Ste. 200
Salt Lake City, Utah, 84117-4919

*counsel for Jennifer Doering, and Cheryl Kelly*
Jeffrey Schmitt
7701 Forsyth Blvd., Suite 800
Clayton, Missouri, 63105-3907

*counsel for Rebecca Bealmear, Tim Fitch, FNU Hoots, Timothy Lachance, Terry Roberds, FNU O'Neill, FNU Willmering, and St. Louis County, Missouri:*
Linda Wasserman
41 So. Central Ave., Ninth Fl.
Clayton, Missouri, 63105

No Other Parties Have Yet Filed An Appearance