# PRO SE

Wm. Hart
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

FILED
U.S. DISTRICT COURT

2013 NOV 15 ⊃ 1: 32

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| WILLIAM M. HART,<br><br>Plaintiff<br><br>v.<br><br>SHERRY ANN SALOIS, et al.,<br><br>Defendants. | EMERGENCY MOTION<br><br>FOR RELIEF<br><br><br>Civil no. 2:13-cv-11-DAK-BCW<br><br>Senior District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Brooke C. Wells |

## PLAINTIFF'S MOTION FOR EMERGENCY RELIEF
## TO CORRECT CLERICAL ERROR

PLAINTIFF William M. Hart, pursuant to Fed.R.Civ.P. 1, hereby moves this Court for relief from error of the Clerk of the Court; or, in the alternative, for determination of no error, or further instructions; stating as follows:

Federal Rule of Civil Procedure 1 states:

> These rules... should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed.R.Civ.P. 1.

-1-

Plaintiff, from time of the Order (Doc. 3, January 8, 2013) referring this case to Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B), has submitted three copies of all motions, memoranda, and replies in compliance with Local Rule 5-1(b)(3). DUCivR 5-1(b)(3).

In several of these filings, the Magistrate's copy has been returned to Plaintiff, date stamped; together with a page with highlighted text concerning submission of documents to the Court. Exh. 1.

Plaintiff was concerned with this, and directed inquiry to the Clerk of the Court ("Clerk"). Exh. 2. The Clerk indicated that this was done as a courtesy to Plaintiff. Exh. 3. Plaintiff was satisfied with this answer; as it was his understanding that dispositive motions are to be considered by a district judge; knowing that, in some districts, only two copies of dispositive motions are to be submitted where the case has been referred to a magistrate.

However, when the Magistrate's copy of Plaintiff's Motion to Strike Untimely Reply (Doc. 107) was returned to him, he conducted further review of District of Utah cases referred to a magistrate under 28 U.S.C. § 636(b)(1)(B); finding that procedure and practice under sub-paragraph (B) dictate a report and recommendation ("R&R") by the Magistrate for submission to the District Judge for final disposition.

Plaintiff here seeks to return the paper copies of his memoranda, and motion, to the Magistrate Judge referred to this case for her due consideration. Plaintiff is quite pleased to have a tech-savvy judge handling the motion practice in this case; as much of the evidence is in the form of electronic documents ("ESI"). Plaintiff wishes to provide the Magistrate with all proper materials for her due and just consideration, that the ends of justice may be served, not thwarted,

by these proceedings.

Plaintiff neither requested nor desired such consideration on the part of the Clerk; having retained sufficient records for his own purposes, and retrieving others from PACER upon their docketing. Plaintiff does not wish to appear non-appreciative of the Clerk's courtesies, and finds the Court's staff to be most pleasant and kind; however, he feels such assumptions were unwarranted, in light of the Local Rules of the District of Utah, and the potential consequences for failure to comply.

Further, Plaintiff respectfully submits that, although relief may be had by objecting to the Magistrate's R&R, to do so would unnecessarily prolong and delay the proceedings. Thus, to permit Plaintiff to return the paper filings to the Magistrate, without assigning another docket entry, would present the most swift and apt resolution. Such paper documents previously submitted, docketed, and served on opposing counsel, should not require additional service on opposing counsel.

Plaintiff has not contacted opposing counsel to inquire of any potential objection. No defendant would be prejudiced in such a return of paper documents to the Magistrate Judge.

### AFFECTED DOCUMENTS

Plaintiff's submissions of paper documents for the Magistrate returned to him as described above ("Affected Documents"), and still in his possession, are, to the best of his present knowledge, as follows:

Plaintiff's Memorandum in Opposition (Doc. 36) to Defendants' Motion to Dismiss (Doc. 22), of March 27, 2013;

Plaintiff's Motion to Extend Time of Service (Doc 42), of April 9, 2013;

Plaintiff's Memorandum in Opposition (Doc. 43) to Defendants' Motion to Dismiss (Doc. 41), of April 11, 2013;

Plaintiff's Memorandum in Opposition (Doc. 77) to Defendants' Motion to Dismiss (Doc. 51), of May 28, 2013; and

Plaintiff's Motion to Strike (Doc. 107) Defendants' Untimely Reply (Doc. 104), of August 28, 2013; the first page only.

Plaintiff admits there may be other Affected Documents as well, though Plaintiff is fairly thorough in his record-keeping; having discarded a sackfull of receipts from 2005 only a couple of months ago (as the data is already stored in spreadsheets), though retaining all pay stubs for that year.

Plaintiff does not here attach the Affected Documents as Exhibit, but awaits the order of this Court.

WHEREFORE, Plaintiff respectfully moves this Court to enter judgment and order, executing same, directing Plaintiff to return to the Magistrate the paper copies of his filings returned to him, doing so with all due diligence and haste, without need to re-serve same on opposing counsel; or, in the alternative, holding that no error or transgression has occurred, permitting the Magistrate to review the Affected Documents in electronic form available from PACER; and for other such relief as this Court deem proper.

Date: 11/11/13

William M. Hart

STATE OF ILLINOIS      )
                       : ss.
COUNTY OF PEORIA       )

## VERIFICATION

BEFORE ME personally appeared WILLIAM M. HART who, being first duly sworn upon oath and identified in accordance with Illinois law, under penalty of perjury, deposes and states as follows:

1. My name is William M. Hart, Plaintiff herein.

2. I have read and understood the attached foregoing Motion for Emergency Relief filed herein, and each fact alleged therein and each exhibit attached is true and correct of my own personal knowledge; excepting those stated upon information and belief, and as of to those matters, I believe to be true.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
WILLIAM M. HART
Plaintiff

ON THE 11th day of November, 2013 personally appeared before me, the undersigned, William M. Hart, the signer of the foregoing, who duly acknowledged to me that he signed the same voluntarily and for its stated purpose.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BARTLETT C CUMMING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/01/17

# Exhibit One

papers you file with the court, and (ii) mailing or hand-delivering a copy of each paper to the opposing party to satisfy the requirements of service.

## H. HOW DO YOU SUBMIT DOCUMENTS TO THE COURT?

Case-related documents that ask the court to take specific action are referred to as **motions** or **pleadings**. If, for example, you want to ask the court to take an action, such as appointing an attorney, you must do so by means of a written motion. A motion should be supported by a summary of the law supporting the motion called a **memorandum** and/or by an affidavit or declaration of the movant that provide the court with facts that support the granting of the motion. In preparing a motion, you should follow the same general format as the motion for official service of process that is attached to this Guide as Appendix A. In preparing motions, you should be as specific as possible about the order or the action you would like the court to take.

As a matter of policy, the court requires parties to submit or **file** an original and one copy of most motions or pleadings with the clerk of court. Staff of the clerk's office stamp both, then place the original in the case file and give the copy to the assigned judge for review and analysis. Parties may file pleadings with the court in person or by mail. For purposes of filing in person, the clerk's office is located in Room 150 of the Frank E. Moss United States Courthouse on the corner of Fourth South and Main Streets. The telephone number for the clerk's office is (801) 524-6100. The office is open to the public from 8:30 a.m. to 4:30 p.m., Monday through Friday, except on federal holidays. For ease of filing, the clerk also maintains a twenty-four hour filing box on the south porch of the Main Street side of the building. Directions for filing documents are provided on the box, enabling parties to stamp and deposit papers -- the original as well as the judge's copy -- in that box at any time, including weekends and holidays. As noted, pleadings also may be amiled to the clerk's office. The mailing address is:

> United States District Court, Office of the Clerk
> Suite 150, Frank E. Moss Courthouse
> 350 South Main Street
> Salt Lake City, Utah 84101

You should retain a copy of all pleadings and other documents you file with the court for your own use. When you file pleadings in person, plan to bring your personal copy with you so staff of the clerk's office can stamp it. By doing so, your records will reflect the filing date of the original. If you mail your pleading and wish to have your copy stamped, you should enclose a third copy and a self-addressed, stamped envelope. The clerk's office will return your copy stamped by the court.

9

# Exhibit Two

**Third Copy Returned, Ex Parte Motion**

Will H <willh2071@gmail.com>     Sun Aug 4 2013 at 9 25 PM
To ut_support <ut_support@utd.uscourts.gov>

Reply | Reply to all | Forward | Print | Delete | Show original

Dear Clerk:

I have two issues here. Both could be nothing at all; but if not, I need to know, so I can take appropriate action right away.

Case no. 2:13-cv-011-DAK-BCW, Hart v. Salois

A magistrate was assigned to my case on Jan. 8. Since that time, I have been sending in three copies of everything, even when not required.

Doc. 42 of Apr. 9 is a motion to extend time of service.
Doc. 102 of July 22 is a second motion to extend time of service and motion for alternate service.

I pulled another motion from the Northern Division of the District of Utah off of PACER, so I would be sure that combining the two motions was permissible (Case no. 2:02-cv-01122-CW, Doc. 14).

The motions to dismiss, as dispositive motions, went to Judge Kimball. I still sent in three copies of every memo in opposition. One copy of each memo was returned to me, which caused a great deal of anxiety on my part in each instance.

Issue No. 1:

The third copy of Doc. 42 was returned to me.

Do you need this back? Is the magistrate still able to consider the motion without the third hard copy?

Issue No. 2:

A motion for alternate service is an ex parte motion. There's no one to argue against it.

The motion was not marked as "Ex Parte," and I don't remember seeing that on the docket entry either.

Do you need me to re-submit the motion with it marked as "Plaintiff's Second Ex Parte Motion for Enlargement of Time and Ex Parte Motion for Alternate Service"?

Thank you for your attention to this matter.

---Wm. Hart

**Quick Reply**

To: ut_support <ut_support@utd.uscourts.gov>     [ More Reply Options ]

# Exhibit Three

**Third Copy** Litigation Inbox

**Will H** <willh2071@gmail.com>  Sat. Sep 21, 2013 at 6:56 AM
To: ut_support <Ut_support@utd.uscourts.gov>

Reply | Reply to all | Forward | Print | Delete | Show original

I have a magistrate assigned to my case.
Local Rule 5-1(b)(3) requires that I submit three copies of all motions.
The third copies are being diverted away from the magistrate and returned to me.

I have no idea how to deal with the magistrate's copies being returned to me.

I'm currently working on a "Request to Submit Three Ex Parte Motions for Judgment" so I can include the page of "How Do You Submit Documents to the Court" that I keep receiving with the magistrate's copies.

I have complained about this once before, and nothing happened (other than me getting another of the magistrate's copies returned in the mail).

I need to know what's going on here.

---Wm. Hart

Reply | Reply to all | Forward | Print | Delete | Show original

**Ut_support@utd.uscourts.gov** <Ut_support@utd.uscourts.gov>  Mon. Sep 23, 2013 at 4:23 PM
To: Will H <willh2071@gmail.com>

Reply | Reply to all | Forward | Print | Delete | Show original

Mr. Hart:
Your copies are being distributed as they are received. You are receiving back a copy of the front page of your documents as a courtesy.

From:    Will H <willh2071@gmail.com>
To:      ut_support <Ut_support@utd.uscourts.gov>
Date:    09-21-2013 06:56 AM
Subject: Third Copy

- Show quoted text -

CERTIFICATE OF SERVICE

I, William M. Hart, do hereby certify that service of this Motion for Emergency Relief was accomplished by sending said document via postage pre-paid U.S. mail on the 12th day of November, 2013 to each of the following:

Date: 11/12/13

William M. Hart, pro se
324 Hickory St., #8
Carlinville, Ill., 62626
(618) 570 – 9068

*counsel for Sherry Salois, Timothy Straussner, Shirley Hopper, Berle Hopper, Douglas Howard, Erik Holland, Richard Anderson, and Platte County, Missouri:*
Sara Becker & Benson Hathaway, Jr.
Daniel McConkie & Michael Johnston
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah, 84145-0120

*counsel for Peggy Pendleton:*
Justin Hitt
230 South 500 East, Ste 400
Salt Lake City, Utah, 84102

*counsel for Michael Burton, Ellen Siwak, Victoria McKee, Douglas Beach, Thea Sherry, and James Van Amburg:*
Emily Dodge
P.O. Box 899
Jefferson City, Missouri, 65102

*counsel for Legal Advocates for Abused Women, Aimee Nassif, Edward Hinrichs, Thomas Byrne, and City of Clayton, Missouri:*
Stevan Baxter
999 E. Murray Holladay Rd., Ste. 200
Salt Lake City, Utah, 84117-4919

*counsel for Jennifer Doering, and Cheryl Kelly*
Jeffrey Schmitt
7701 Forsyth Blvd., Suite 800
Clayton, Missouri, 63105-3907

*counsel for Rebecca Bealmear, Tim Fitch, FNU Hoots, Timothy Lachance, Terry Roberds, FNU O'Neill, FNU Willmering, and St. Louis County, Missouri:*
Linda Wasserman
41 So. Central Ave., Ninth Fl.
Clayton, Missouri, 63105

No Other Parties Have Yet Filed An Appearance