# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM MICHAEL HART, <br><br> Plaintiff, <br><br> v. <br><br> SHERRY ANN SALOIS, ET AL., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT <br><br> Case No. 2:13CV11DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Amend Judgment pursuant to Rules 52(b), 54(b), and 59(e) of the Federal Rules of Civil Procedure. The court does not believe that a hearing on the motion would significantly aid in the court's determination of the matter. *See* DUCivR 7-1(f). The Court has considered the memoranda submitted by the parties and the law and facts relevant to the motion. Now being fully advised, the court enters the following Order.

On March 31, 2014, the court issued a Memorandum Decision and Order dismissing Plaintiff's action. The Clerk of Court entered Judgment the same day. On April 28, 2014, Plaintiff filed his Motion to Amend Judgment. Plaintiff contends that the court misapplied the facts and law in determining that this court had jurisdiction over only one of many defendants and that venue was not proper in this district.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d

1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee For the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

After duly considering the Plaintiff's memoranda and reviewing the court's prior Memorandum Decision and Order, the court finds that Plaintiff's motion for reconsideration is without merit. Plaintiff merely disagrees with the Court's order, asserting prior arguments and arguments available previously. Plaintiff has failed to demonstrate any manifest error of law or present any new evidence ti support his motion to amend. A disagreement with the court's decision is not an appropriate basis for bringing a motion under Rule 59(e).

In addition, Rule 52(b) does not apply because the court did not make findings of fact or conclusions of law when ruling on the motions to dismiss. Plaintiff's disagreements with this

court's analysis can be addressed in the normal appellate process. Plaintiff's Motion to Amend Judgment, therefore, is DENIED.

DATED this 6th day of June, 2014.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Court Judge